# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZACH HILLESHEIM, | |
| Plaintiff, | 8:18CV02 |
| vs. | ORDER |
| DESERT SHOPS, LLC, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Zach Hillesheim's Motion for Leave to Conduct Jurisdictional Discovery ([Filing No. 24](#)) and Defendant Desert Shops, LLC's Motion to Stay Proceedings ([Filing No. 30](#)). For the following reasons, the Court will deny Desert Shops' motion to stay as moot, and deny Plaintiff's motion for leave.

## BACKGROUND

Plaintiff filed his original Complaint against Desert Shops on January 2, 2018, requesting injunctive relief for certain American with Disabilities Act ("ADA") violations. ([Filing No. 1 at p. 3](#)). Plaintiff is paralyzed below the waist and uses a wheelchair for mobility. Plaintiff alleges that on September 26, 2017, he attempted to patronize the "Kum & Go" service station and convenience store located at 11111 Emmet Street in Omaha, Nebraska, but encountered various architectural barriers in the customer parking lot, primarily related to van accessible parking spaces and appropriate curb ramps. ([Filing No. 1](#)). Desert Shops is the owner and lessor of the property at 11111 Emmet Street.

Desert Shops moved to dismiss Plaintiff's original Complaint, arguing, among other things, that this Court does not have jurisdiction because the Southern District of Iowa has continuing jurisdiction over any ADA violations at Kum & Go stores nationwide as part of a 2014 class action settlement agreement in *Gary McDermott et al. v. Kum & Go, L.C.,* Case No. 3:13cv53-CRW-HCA (S.D. Iowa 2013)(hereinafter, "the *McDermott* action"). ([Filing No. 9](#); [Filing No. 10](#)). In response to Desert Shops' motion, Plaintiff filed an amended complaint, ([Filing No. 12](#)), and the Court denied Desert Shops' motion to dismiss without prejudice to filing in response to Plaintiff's amended complaint. ([Filing No. 16](#)). Plaintiff's amended complaint is

nearly identical in all respects to his original Complaint, but adds the allegation that the property at 11111 Emmet Street contains two tenants, Kum & Go and Maple Tailor & Cleaners, and replaces most specific references to "Kum & Go" with "Subject Property." (Filing No. 12).

Desert Shops has moved to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(3), and (b)(6) for the same reasons alleged in its first motion. (Filing No. 19; Filing No. 20). Specifically, Desert Shops argues that Plaintiff is included in the class previously certified in the *McDermott* action and is therefore subject to the permanent injunction in that case prohibiting class members from filing complaints or actions arising out of ADA accessibility of any Kum & Go store nationwide. (Filing No. 20 at pp. 4-5; Filing No. 22-1). The *McDermott* action defines the class as:

> All persons in the United States who are disabled within the meaning of the Americans With Disabilities Act and use wheelchairs or scooters for mobility who have encountered or may encounter architectural barriers or discriminatory practices at any Kum & Go stores that are subject to the ADA.

(Filing No. 22-1 at p. 1). Because the claims in Plaintiff's amended complaint are based solely on architectural barriers encountered by Plaintiff in the Kum & Go shared customer parking lot, Desert Shops argues that Plaintiff's claims fall within the class defined in the *McDermott* action.

Desert Shops further argues that the Southern District of Iowa has exclusive jurisdiction over any matters arising out of ADA accessibility claims related to Kum & Go stores, including the claims in this case, because the class settlement agreement in the *McDermott* action "accepts continuing jurisdiction over this matter to interpret and enforce the provisions of the Settlement Agreement throughout its term." (Filing No. 20 at p. 6). Desert Shops additionally argues that Plaintiff's requested relief has already been granted, as Kum & Go agreed in the *McDermott* action Settlement Agreement to a schedule to improve its stores to comply with ADA requirements, including requirements for accessible parking space signage, location, width, curb ramps, and maintenance. (Filing No. 22-1 at pp. 7-9). Finally, Desert Shops (alternatively) argues that Plaintiff is collaterally estopped from bringing the instant claims because the same claims were at issue in the *McDermott* action. (Filing No. 20 at p. 8).

In response to Desert Shops' renewed motion to dismiss, Plaintiff filed a Motion for Leave to Conduct Jurisdictional Discovery (Filing No. 24), asserting he needs to conduct discovery related to the remediation plan in the *McDermott* action in order to respond to Desert Shops'

jurisdictional challenges. Plaintiff also requests leave to conduct discovery regarding the location and allocation of responsibilities of the tenants at the Subject Property. (Filing No. 25 at pp. 3-4).

Desert Shops filed a combined Motion to Stay and Brief in Opposition to Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery.[1] (Filing No. 30; Filing No. 30-1). Desert Shops asks that this Court stay all proceedings "until such time as the United States District Court for the Southern District of Iowa enters an order on the pending Motion to Enforce Final Order and Settlement Agreement and Enjoin District of Nebraska ADA Litigation" filed by Kum & Go in the *McDermott* action. (Filing No. 30 at p. 2). Shortly after Desert Shops' Motion to Stay was fully briefed, Plaintiff filed a Suggestion of Mootness (Filing No. 33), and attached the Southern District of Iowa's Order denying Kum & Go's motion to enjoin this litigation. (Filing No. 33-1). Because the Southern District of Iowa has entered an order on Kum & Go's motion, Desert Shops' Motion to Stay Proceedings (Filing No. 30) is moot. Remaining before the Court is Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery (Filing No. 24).

## ANALYSIS

"Discovery is not limited to the merits of a case; 'where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.'" *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016)(quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978)). Jurisdictional discovery is appropriate when "certain facts necessary to resolving the jurisdictional inquiry are either unknown or disputed." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011). Courts may look to decisions under Fed. R. Civ. P. 56 "for guidance in determining whether to allow discovery on jurisdictional facts." *Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008). A party requesting discovery under Rule 56(f) "must file an affidavit describing:"

> (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful.

*Johnson*, 534 F.3d at 965. Plaintiff filed a Declaration identifying six facts sought by jurisdictional discovery:

---

[1] Desert Shops also requested oral argument but did not why explain why argument was necessary or provide an estimate of the time required for the argument. See NECivR 7.1(d).

a. The plans for remediation for 11111 Emmet Street, Omaha, NE (store 369), including but not limited to architectural plans or applications for permits;
b. Facts regarding where Kum & Go, L.C. or Desert Shops, LLC is in the process of planning and implementing remedial efforts at the 11111 Emmet street location (store 369);
c. Facts regarding the subjective and objective beliefs of Desert Shops, LLC and Kum & Go, LLC regarding the application of the McDermott settlement to this suit;
d. Facts regarding whether or not there are two tenants at the subject premises;
e. Facts regarding the allocation or responsibilities for the subject premises between Kum & Go, LC and Desert Shops, LLC; and
f. Facts regarding whether or not Maple Tailor & Cleaners is "inside" the Kum & Go convenience store.

(Filing No. 26-1).

Desert Shops' motion to dismiss is premised on the legal effect of the *McDermott* action on this Court's ability and jurisdiction to entertain Plaintiff's ADA accessibility claims. All the facts sought by Plaintiff are either not necessary to resolving such jurisdictional inquiry, are not unknown, or are not disputed. See *Johnson*, 534 F.3d at 965.

Plaintiff's ADA claims arise out of architectural barriers he encountered in the only customer parking lot located at 11111 Emmet Street. There is no dispute that Desert Shops is the owner and lessor of the property at 11111 Emmet Street and that Kum & Go is a lessee of Desert Shops and Maple Tailors & Cleaners is a sub-lessee of Kum & Go at the property. Although the Southern District of Iowa declined to enjoin this action, it "clarified that the terms of the settlement agreement in this case do apply equally to Kum & Go as landlord or tenant, within Iowa and other States." (Filing No. 33-1 at p. 2). Assuming facts regarding whether or not Maple Tailors & Cleaners is "inside" the Kum & Go are relevant, Plaintiff has not explained why his efforts to find that information were unsuccessful or what discovery is necessary to discover that information, as that information is and would have been apparent from observation of the exterior of the building. Additionally, Desert Shops has provided evidence that Maple Tailors is, in fact, located inside the Kum & Go. (Filing No. 22-4). Desert Shops has also submitted a chart of the Kum & Go locations to be remediated pursuant to the *McDermott* action, which includes Store 369 at 11111 Emmet Street. (Filing No. 22-2). Desert Shops has filed the *McDermott* action's "Final Order and Judgment Certifying Class for Settlement Purposes Only, Approving Class Action Settlement Agreement, Enjoining Future Lawsuits, and Granting Other Relief," which defines the settlement class and the scope of the permanent injunction, and the "Settlement

Agreement," which details the modifications Kum & Go has agreed to make in order to comply with ADA standards. ([Filing No. 22-1](#)). The subjective beliefs of Desert Shops and Kum & Go regarding the application of the Settlement Agreement are not relevant for the Court to decide the legal question of whether Plaintiff's claims in his amended complaint are circumscribed by the *McDermott* action, and if they are, the subsequent legal effect on this Court's jurisdiction to entertain those same claims.

Because Plaintiff has not described facts that would be reasonably expected to raise a genuine issue of material fact regarding Desert Shops' jurisdictional challenge, the Court will deny Plaintiff's request for leave to conduct jurisdictional discovery. Accordingly,

**IT IS ORDERED:**

1. Defendant Desert Shops' Motion to Stay Proceedings ([Filing No. 30](#)) is denied as moot;
2. Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery ([Filing No. 24](#)) is denied; and
3. Plaintiff shall file a brief opposing Defendant's Motion to Dismiss ([Filing No. 19](#)) on or before July 5, 2018. Defendant may file a reply brief (7) seven days thereafter, after which the Motion to Dismiss will be deemed fully submitted to the Court. See NECivR 7.1(c).

Dated this 20th day of June, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge